# UNITED STATES DISTRICT COURT

EASTERN District of NEW YORK

UNITED STATES OF AMERICA
v.
SOCRATES SELLAS

**JUDGMENT IN A CRIMINAL CASE**

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ FEB 2 2006 ★
P.M. _____
TIME A.M. _____

Case Number: CR05-00690 (CBA)

USM Number:

Murray Richman, Esq. (AUSA Caren Myers)
Defendant's Attorney

**THE DEFENDANT:**

X pleaded guilty to count(s)   1 of Indictment

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18:3146(a)(2), 3146(b)(1)(A)(I) and 3146(b)(2) | Failure to appear, a Class C felony. | 08/22/03 | 1 |

The defendant is sentenced as provided in pages 2 through   5   of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

January 20, 2006
Date of Imposition of Judgment

s/CBA
Signature of Judge

Carol Bagley Amon, U.S.D.J.
Name and Title of Judge

January 31, 2006
Date

DEFENDANT:        SOCRATES SELLAS
CASE NUMBER:      CR05-00690 (CBA)

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

18 months to run consecutively to his prior federal sentence under CR02-00604 (CBA), and consecutively to his prior state court sentence.

X The court makes the following recommendations to the Bureau of Prisons:
   The defendant shall be incarcerated at FCI Fort Dix, Fort Dix, N.J..

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

  ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ☐ before 2 p.m. on _____ .

  ☐ as notified by the United States Marshal.

  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:

3 years

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☐ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☐ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: SOCRATES SELLAS
CASE NUMBER: CR05-00690 (CBA)

Judgment — Page 4 of 5

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| TOTALS | $ 100.00 | $ | $ |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| | | | |

| TOTALS | $ 0 | $ 0 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the ☐ fine ☐ restitution.

☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

AO 245B  (Rev. 06/05) Judgment in a Criminal Case
       Sheet 6 — Schedule of Payments

| | |
|---|---|
| DEFENDANT: SOCRATES SELLAS | Judgment — Page 5 of 5 |
| CASE NUMBER: CR05-00690 (CBA) | |

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A**  **X**  Lump sum payment of $ 100.00 due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance    ☐ C,    ☐ D,    ☐ E, or    ☐ F below; or

**B**  ☐  Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

**C**  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D**  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E**  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**  ☐  Special instructions regarding the payment of criminal monetary penalties:



Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.



☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:



Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

1 do --

2 THE COURT: He got a big benefit. He got two thirds
3 of his sentence taken off. This is after he cooperated with
4 state authorities and if you will double-crossed them by
5 continuing to engage in the same type of drug trafficking, he
6 got a considerable break. I was concerned about it at the
7 time. It was given presumably because he offered cooperation
8 and some sense of rehabilitation which seems to be greatly
9 undermined by violating the most important of Court orders
10 which is showing up to be sentenced.

11 MR. RICHMAN: I'm informed by the defendant at that
12 particular time he had just gotten married and his mother was
13 in the midst of the separation with the father and heading
14 towards Greece. I can't excuse that kind of conduct, your
15 Honor, I do not excuse it. I'm only suggesting to you that
16 you might see fit to give him the opportunity within the
17 guidelines to have a chance to make something of his life.
18 You know, we can always put him back in later-- he's in now--
19 if he doesn't learn from this experience, maybe he won't ever
20 learn. Do we have to extend it unnecessarily and say we'll
21 let you out with a long tether, if you mess up on this one I
22 will put you back in. I submit to you that might be a
23 practical way of dealing with the circumstances. It's easy to
24 say let's give him another 12 months, that is the easy way,
25 but the reality may be we can save a young man. Every once

1  and while we do the right thing in this system and I hope this
2  is one of them.
3       THE COURT: You can understand, when you talk about
4  doing the right thing, the Court gave him an incredibly
5  generous sentence the last time on cooperation that I believe
6  involved filing affidavits, getting someone extradited. Was
7  there actual testimony in a trial?
8       MS. MYERS: There was no none.
9       THE COURT: In nature of the terms of the cooperation
10 he got a very substantial benefit. There is one view of this
11 record, Mr. Richman to suggest, the defendant is fairly
12 manipulative, he gets into trouble, he cooperates, gets into
13 trouble, cooperates, and if things don't work out the way he
14 wants he takes off.
15      MR. RICHMAN: No excuse for being young.
16      THE COURT: How old is he?
17      MR. RICHMAN: 28 now, your Honor.
18      THE COURT: 28 --
19      MR. RICHMAN: 24 when this happened.
20      THE COURT: This isn't just -- this was serious
21 criminal activity. This was not like somebody getting caught
22 with a joint. We're talking about serious MDMA. This isn't
23 like youthful indiscretion, Mr. Richman.
24      MR. RICHMAN: It's interesting to note the stepfather
25 was the person who subsequently was convicted in Greece and

1  received a sentence of 20 years in Greece. He may have
2  apparently, from the facts, may have the motivating factor in
3  this young man's involvement.
4       THE COURT: Do you want to say anything further?
5       MR. RICHMAN: No, your Honor. Thank you.
6       THE COURT: Mr. Sellas, do you want to say anything?
7       THE DEFENDANT: Your Honor, I want to say sorry to
8  the government and to my family for putting them through for
9  what I done. I want that thank my father for being next to me
10 through this. There are a million apologies.
11      MR. RICHMAN: I would point out the father, brother
12 and family are in the court, the remainder of the family in
13 this country.
14      THE COURT: Does the government want to add anything?
15      MS. MYERS: The government believes the Court fully
16 appreciates the difficulties that are presented by the
17 defendant's behavior and the fact he really did not deserve
18 the benefit that he received for his cooperation last time
19 when he clearly did not plan to abide by the terms of his
20 cooperation agreement or the Courts' order.
21      THE COURT: I mean I think one thing should be clear
22 I'm not in effect resentencing him. That sentence stands--
23 the sentence that he got for his cooperation is one that
24 stands. It's not as if I'm in a position of resentencing
25 him. I'm certainly not doing that.

1      It's a very complicated picture here and this
2 particular crime, which is a flight crime, it seems to me is
3 an egregious one under the circumstances, which is that he was
4 given incredible benefit in his sentence, a very generous
5 reduction, two thirds of his sentence was taken off for a very
6 serious crime, and then instead of staying in that mode of
7 rehabilitation he turns around and commits another crime, in
8 failing to appear which is in complete contradiction to any
9 foregoing efforts at cooperation.  What particularly concerns
10 the Court, when thinking about the nature and circumstances of
11 this offense, and the history and characteristics of the
12 defendant, is that the defendant has what one would argue is a
13 history of cooperating to try to get out of some problem and
14 then continuing once again to engage in criminal conduct.
15 That's what happened in effect twice.  He cooperated with the
16 Westchester authorities and continued to do MDMA trafficking
17 and once again began to cooperate.
18      The Court viewed him as someone that had maybe
19 learned his lesson, gave him a substantial benefit and once
20 again he engages in criminal activity.  That is the person
21 that stands before me today and that's what makes this
22 particular flight case I think a very serious one.
23      The sentence, of course, under 3553(a) and I'm
24 considering all of these factors, it has to be one I recognize
25 is sufficient but not greater than necessary to comply with

1  the purposes set forth in paragraph 2, including the nature
2  and circumstances of the offense, which in this case is a
3  serious flight offense.
4      Now, I have to tell you one factor I have positively
5  taken into consideration is the fact that he did surrender
6  himself, he was not apprehended.  The court's sentence would
7  have been actually far greater had that been the circumstances
8  that he had to be apprehended.  I recognized and considered it
9  on the positive side of the picture, that he did surrender.
10     But again, the sentence has to reflect the
11 seriousness of the offense, it has to afford adequate
12 deterrence, there is a concern here to protect the public from
13 further crimes of the defendant.  By his continuing to engage
14 in criminal conduct doesn't suggest to this Court that he
15 really has learned his lesson or that he is no longer a threat
16 to engage in criminal conduct.
17     I considered the advisory guideline range here, but I
18 quite frankly think in this case the advisory guideline range
19 doesn't produce a reasonable sentence.  I think it's too low
20 under the circumstances that are present here.  Including the
21 past criminal history and the issue that I pointed out, it's
22 the sentence of this Court that Mr. Sellas be committed to the
23 custody of the Bureau of Prisons for a period of 18 months to
24 be consecutive to his previous federal sentence and
25 consecutive to his the state sentence.  I'm going to impose a

1  $100 special assessment at this point and a three year term of
2  supervised release. I'm not going to impose a fine. The
3  Probation Department suggests there is no basis to pay a
4  fine.
5           Is there anything further that we need to take up?
6           MS. MYERS: The defendant preserved his right to
7  appeal.
8           THE COURT: Mr. Sellas, you have the right to appeal
9  the sentence the Court imposed and any notice of appeal would
10 have to be filed within ten days of today. Is there anything
11 that I overlooked?
12          MS. MYERS: No, your Honor. Thank you.
13                            *****